U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

2021 FEB 17  PM 2: 24

CLERK

BY _____
DEPUTY CLERK

Francoeur Senior Housing LLC,

        Plaintiff,

    v.

Centerline Corporate Partners XXII
LP, and Related Corporate XXII SLP, L.P.,

        Defendants.

No.: 2:21-cv-36

**PETITION TO APPOINT**
**NEUTRAL UMPIRE**

## PETITION TO APPOINT NEUTRAL UMPIRE

Petitioner Francoeur Senior Housing LLC ("Francoeur"), by and through counsel, SHEEHAN PHINNEY BASS & GREEN PA, petitions this Honorable Court to appoint a neutral umpire pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 4–5, and in doing so states as follows:

1.      Petitioner Francoeur now is and at all times mentioned was a limited liability company duly organized and existing under the laws of the State of New Hampshire, with its principal place of business in New Hampshire.

2.      Respondents, Centerline Corporate Partners XXII and Related Corporate XXII SLP, L.P., now are and at all times mentioned were corporations duly organized and existing under the laws of the State of Delaware.  Upon information and belief, both maintain their principal place of business in Colorado.

3.      This Court has jurisdiction under 28 U.S.C. § 1332, 9 U.S.C. § 5, and 28 U.S.C. § 2201.  The matter is one between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391, 9 U.S.C. §§ 5, 7, and because the pertinent agreement provides that arbitration of this appraisal dispute would take place before the most senior judge of the U.S. District Court for the District of Vermont.

5.      This controversy arises out of a valuation dispute among the partners of the Maple Street Senior Housing Limited Partnership, owners of an affordable housing project in Somersworth, New Hampshire (the "Apartment Complex") that was financed in part with federal Low-Income Housing Tax Credits.

6.　　　On or about May 1, 2003, Francoeur entered into an Amended and Restated Agreement of Limited Partnership ("Maple Street LP Agreement") with Related Corporate Partners XXII, L.P. and Related Corporate XXII SLP, L.P.　A copy of the Maple Street LP Agreement is attached as Exhibit A and incorporated herein.

7.　　　Under the Maple Street LP Agreement, Francoeur is a general partner with an 0.0049% ownership interest.　Centerline Corporate Partners XXII LP (as successor in interest to Related Corporate Partners XXII, L.P.) is the limited partner with a 99.98% ownership interest and Related Corporate XXII SLP, L.P. is the special limited partner with a .01% interest (together "Investor LPs").　The remaining partner is the Somersworth Community Development Corporation, a general partner with a .0.0049% interest.

8.　　　As provided by Section 5.4.D. of the Maple Street LP Agreement, Francoeur has an option to purchase the Apartment Complex or to purchase the Investor LPs' interests for the greater of (i) the fair market value of the Apartment Complex or (ii) debt plus taxes.

9.　　　On June 5, 2020, Francoeur timely exercised its option to purchase the Investor LPs' interests with notice to the Investor LPs.

10.　　　Francoeur named its appraiser pursuant to the Maple Street LP Agreement § 5.4.C(i)(b), Bergeron Commercial Appraisal of Portsmouth, New Hampshire, which returned an appraisal of the Apartment Complex at $1.75 million. *See* Exhibit B.

11.　　　Investor LPs in turn named an appraiser, Kinetic Valuation Group of Omaha, Nebraska, which returned an appraisal at $4.3 million. *See* Exhibit C.

12.　　　Pursuant to Section 5.4.C(i)(b) of the Maple Street LP Agreement, where the appraisals reflect a fair market value that is more than 10% greater or less than the other

3

appraisal, the two appraisers must agree to select "a third independent real estate appraiser" as the neutral umpire.

13.     Conforming to the Maple Street LP Agreement, both appraisers attempted to choose an umpire in this matter. However, the appraisers could not agree upon an umpire.

14.     Accordingly, pursuant to Section 5.4.C(i)(b) of the Maple Street LP Agreement, the third appraiser must be selected by (i) the most senior judge of the U.S. District Court in Burlington, Vermont or (ii) the President of the Vermont Chapter of the American Arbitration Association.[1] The selected third appraiser then shall designate Francoeur's or Investor LPs' appraisal as fair market value of the Apartment Complex. *Id.*

15.     Given the parties' impasse over appointing an appraiser to designate which of the two existing appraisals is the fair market value of the Apartment Complex, pursuant to the Maple Street LP Agreement, Francoeur petitions this Court to appoint a neutral umpire.

16.     For the Court's consideration, attached hereto as Exhibit D is a declaration by Stephen J. Bergeron supporting the selection of Marsha Campaniello as the neutral umpire.

WHEREFORE, Petitioner Francoeur Senior Housing LLC prays that this Honorable Court appoint an umpire to act with the same force and effects as if specifically appointed by Petitioner's and Respondents' appraisers, and that Petitioner be granted such other and further relief as may be proper.

---

[1] Petitioner's counsel has been advised by the AAA that no such chapter or president exists.

4

Dated: February 16, 2021.                    Respectfully submitted,

_Jonathan R. Voegele_

Jonathan R. Voegele, Esq.
Robert R. Lucic, Esq. (*pro hac vice* pending)
**Sheehan Phinney Bass & Green PA**
1000 Elm Street, 17th Floor
Manchester, NH 03101
Tel: 603.627.8272
Fax: 603.641.8769
jvoegele@sheehan.com
rlucic@sheehan.com

**Attorneys for Petitioner Francoeur Senior
Housing LLC**