```
                  UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

FRANCOUER SENIOR HOUSING LLC, )
                              )
        Petitioner,           )
                              )
        v.                    )       Case No. 2:21-cv-36
                              )
CENTERLINE CORPORATE PARTNERS )
XXII LP, and RELATED          )
CORPORATE XXII SLP, L.P.,     )
                              )
        Respondents.          )
```

                                ORDER

    Pending before the Court is a petition to appoint a neutral umpire.  The dispute is between the partners of an affordable housing apartment complex located in Somersworth, New Hampshire and centers around the valuation of property.  It has been determined that the court has jurisdiction under 28 U.S.C. §1332, 9 U.S.C. §5, and 28 U.S.C. §2201.  Venue has been established pursuant 28 U.S.C. §1332, 9 U.S.C. §§5, 7.

    According to the terms of the partnership agreement, more specifically, Section 5.4C(i)(b), states in part as follows:

> (b) The fair market value of the Apartment Complex shall be the average of the appraisals rendered by each of the two real estate appraisers so selected provided, however, that if one of the appraisals so rendered shall reflect a fair market value that 1s more than 10% greater or more than 10% less than the other appraisal so rendered, the two real estate appraisers shall promptly select a third

>           independent real estate appraiser (or, if such real
>           estate appraisers cannot agree on the selection of
>           a third independent real estate appraiser, the
>           third real estate appraiser shall be selected by
>           (i) the senior (in terms of service) judge of the
>           United States District Court located in Burlington,
>           Vermont or (ii) the President of the Vermont
>           Chapter of the American Arbitration Association
>           upon application by either the Special Limited
>           Partner or the General Partner), which real estate
>           appraiser shall establish fair market value
>           hereunder by designating the appraisal of the real
>           estate appraiser of the Special Limited Partner or
>           the General Partner as fair market value;

It appears there is not a local chapter of the American Arbitration Association.

For the reasons set forth below, the court hereby appoints Marsha Campaniello as the neutral umpire.

## Background

On May 1, 2003, Petitioner, Francoeur Senior Housing LLC ("Francoeur"), Related Corporate Partners XXII, L.P. and Related Corporate XXII SLP, L.P., entered into an Amended and Restated Agreement of Limited Partnership ("Agreement").  According to this Agreement, Petitioner Francoeur has a general partner ownership interest of 0.0049% and Respondent Centerline Corporate Partners XXII LP (successor in interest to Related Corporate Partners XXII LP) is a limited partner with a 99.98% interest, Related Corporate XXII SLP, L.P., is a special limited partner with a 0.1% interest and Somersworth Community

Development Corporation, is a general partner with 0.00049% interest.

In June of 2020, Francouer exercised its option to purchase the apartment complex.  According to the terms of the Agreement, this option was to purchase the apartment complex "for the greater of the fair market value of the apartment complex or (ii) debt plus taxes."  Petitioner hired an appraiser with offices located in Portsmouth, New Hampshire, who valued the property at $1.75 million.  Respondents hired another appraiser with offices located in Omaha, Nebraska and Corona Del Mar, California, who valued the property at $4.3 million.  Again, the terms of the Agreement, specifically Section 5.4C(i)(b), dictate that when the appraisals reflect a fair market value that is more than 10% greater or less than the other, the two appraisers "must agree" to select a third appraiser or the neutral umpire.

According to the pleadings, attempts were made to select a third independent appraiser, however, these attempts failed.

Petitioner's appraiser, Stephen Bergeron, suggested Marsha Campaniello.  Respondents' appraiser, Jay Wortman, rejected the proposal citing his belief that Ms. Campaniello is less qualified than other candidates.  Respondents' appraiser proposed three firms – Novogradac & Company, Colliers, and Gill Group.  According to the pleadings, the appraisers rejected

Novogradac due to lack of local market knowledge and Gill Group due to their unavailability.  Colliers appears to have been rejected for the same reason as Novogradac, lack of local market knowledge.

    The Court finds that Ms. Campaniello has close to 20 years of experience in appraisal services and has done many evaluations in the State of New Hampshire, including Section 8 housing.  While the parties may argue that there are other appraisers who are more qualified, Ms. Campaniello does possess the local market experience, low income housing appraisal experience, and is qualified to act as a neutral umpire.

    DATED at Burlington, in the District of Vermont, this 26th day of January, 2022.

<u>/s/William K. Sessions III</u>
William K. Sessions III
U.S. District Court Judge